**Law Office of Barry D. Haberman**
**Barry D. Haberman, Esq.**
254 South Main Street, #404
New City, New York 10956
845-638-4294
*Attorney for Grandfield Realty Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

| | |
|---|---|
| In Re: | **ANSWER** |
| 96 WYTHE ACQUISTION LLC, | Chapter 11 |
| | Case No. 21-22108(RDD) |
| Debtor. | |

------------------------------------------------------------------X
96 WYTHE ACQUISITION LLC,

                 Plaintiff,                 Adv. Pro. No. 22—7023-rdd

    v.

STATE NATIONAL INSURANCE COMPANY,
RLI INSURANCE COMPANY, GERSON MENCIA,
WILLIAM LEWIS, JUAN L. RAMIREZ, CARMEN
NINA RAMIREZ and GRANDFIELD REALTY CORP.,

                 Defendants.
------------------------------------------------------------------X

       Defendant, Grandfield Realty Corp. (hereafter "Grandfield") by and through its attorney, Barry D. Haberman, Esq., as and for its answer to the complaint, alleges, upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 except admits that Defendant, Grandfield is the plaintiff in a related property action in Supreme Court, Kings County entitled <u>Grandfield Realty</u>

1

<u>Corp. v. 96 Wythe Development, LLC et al</u>, Index No. 507323/2014 (hereinafter referred to as "Grandfield Action").

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 except admits that Grandfield is the plaintiff in the related Grandfield Action.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 except admits that the within action seeks a declaration of insurance coverage under policies issued by State National Insurance Company (hereinafter "SNIC") and RLI Insurance Company (hereinafter "RLI") under which the Plaintiff 96 WYTHE ACQUISITION LLC (hereinafter "96 Wythe") and Dimyon Development Corp. ("Dimyon") are named insureds.

5. Admits the allegations as contained in Paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 and leaves all matters of law to the determination of the Honorable Court.

10. Admits the allegations contained in Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 and leaves all matters of law to the determination of the Honorable Court.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 and leaves all matters of law to the determination of the Honorable Court.

## JURISDICTION AND VENUE

13. Admits the allegations contained in Paragraph. 13.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 and leaves all matters of law to the determination of the Honorable Court.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and leaves all matters of law to the determination of the Honorable Court.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 and leaves all matters of law to the determination of the Honorable Court.

## THE PARTIES

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24.

25. Admits the allegations contained in Paragraph 25.

26. Admits the allegations contained in Paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31.

## THE UNDERLYING ACTION

### A. The Ramirez Action

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 and leaves all matters of law to the determination of the Honorable Court.

### B. The Lewis Action

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 and leaves all matters of law to the determination of the Honorable Court.

C. **The Mencia Action**

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48.

D. **The Grandfield Action**

49. Admits the allegations contained in Paragraph 49, that Grandfield is the owner of neighboring property and that damage was caused by the Plaintiff, *inter alia,* by the

>Plaintiff's performance of inherently dangerous construction activities, including but not necessarily limited to excavation, underpinning, shoring and bracing, causing damage to Grandfield's property (as well as causing Grandfield to suffer other monetary damages).

50. Admits the allegations contained in Paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53.

## II. THE INSURANCE POLICIES

### A. The SNIC Insurance Policy

54. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58.

59. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59.

**B. The RLI Insurance Policy**

60. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64

**III.    SNIC'S IMPROPER DENIAL OF COVERAGE**

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68.

69. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69.

70. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71.

72. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 and leaves all matters of law to the determination of the Honorable Court.

73. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 and leaves all matters of law to the determination of the Honorable Court.

74. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 and leaves all matters of law to the determination of the Honorable Court.

75. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 and leaves all matters of law to the determination of the Honorable Court.

76. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 and leaves all matters of law to the determination of the Honorable Court.

77. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 and leaves all matters of law to the determination of the Honorable Court.

### IV. RLI'S IMPROPER DENIAL OF COVERAGE

78. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79.

80. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80.

81. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81.

82. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82.

83. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83.

84. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84.

85. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 and leaves all matters of law to the determination of the Honorable Court.

86. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 86 and leaves all matters of law to the determination of the Honorable Court.

87. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 87 and leaves all matters of law to the determination of the Honorable Court.

88. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 and leaves all matters of law to the determination of the Honorable Court.

89. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 and leaves all matters of law to the determination of the Honorable Court.

90. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 and leaves all matters of law to the determination of the Honorable Court.

91. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91.

92. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 and leaves all matters of law to the determination of the Honorable Court.

93. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 and leaves all matters of law to the determination of the Honorable Court.

94. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 94 and leaves all matters of law to the determination of the Honorable Court.

## V. THE BANKRUPTCY PROCEEDINGS

### A. General

95. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95.

### B. The Debtor's Chapter 11 Plan

96. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 and leaves all matters of law to the determination of the Honorable Court.

### C. The Mencia Claim and the Grandfield Claim

97. Admits the allegations contained in Paragraph 97.

98. Admits the allegations contained in Paragraph 98.

99. Admits that the Plaintiff filed a combined objection seeking to disallow Grandfield Claim and to estimate the Grandfield Claim at $0. As to all other allegations contained in Paragraph 99, Grandfield denies knowledge or information sufficient to form a belief and leaves all matters of law to the determination of the Honorable Court.

100. Admits the allegations contained in Paragraph 100, except to acknowledge that the Hearing to consider the Grandfield Claim Objection and Opposition Motion has been adjourned from April 7, 2022.

101. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101.

102. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102.

103. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 103.

## CLAIMS FOR RELIEF

### First Cause of Action
### Breach of Contract and Declaratory Judgment Against SNIC)

104. Defendant, incorporates by reference Paragraphs 1 through 103 of this Answer in response to Paragraph 104 of the Complaint.

105. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 105 and leaves all matters of law to the determination of the Honorable Court.

106. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 and leaves all matters of law to the determination of the Honorable Court.

107. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107.

108. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 and leaves all matters of law to the determination of the Honorable Court.

109. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 109.

110. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110 and leaves all matters of law to the determination of the Honorable Court.

111. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111 and leaves all matters of law to the determination of the Honorable Court.

112. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 112.

**Second Cause of Action**
**(Breach of Contract and Declaratory Judgment Against RLI)**

113. Defendant, incorporates by reference Paragraphs 1 through 112 of this Answer in response to Paragraph 113 of the Complaint.

114. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 114 and leaves all matters of law to the determination of the Honorable Court.

115. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 115 and leaves all matters of law to the determination of the Honorable Court.

116. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 116.

117. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117 and leaves all matters of law to the determination of the Honorable Court.

118. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 118 and leaves all matters of law to the determination of the Honorable Court.

119. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119 and leaves all matters of law to the determination of the Honorable Court.

120. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 120 and leaves all matters of law to the determination of the Honorable Court.

121. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 121 and leaves all matters of law to the determination of the Honorable Court.

**AS AND FOR A FIRST CROSS-CLAIM AS AGAINST SNIC**

122. That SNIC issued a general liability policy to 96 Wythe.

123. That the subject policy was valid and in effect as of the date of September 28, 2012.

124. That SNIC has a duty to defend and indemnify its insured 96 Wythe in the Grandfield Action and to satisfy any judgment that Grandfield obtains against 96 Wythe along with any interest thereon and to pay the attorney's fees incurred by Grandfield for the defense/prosecution of this action brought by 96 Wythe.

**AS AND FOR A SECOND CROSS-CLAIM AS AGAINST RLI**

125. That RLI issued an excess liability (hereinafter "RLI" excess policy") policy to 96 Wythe.

126. That the RLI excess policy was valid and in effect as of the date September 28, 2012.

127. That the RLI excess policy affords coverage to 96 Wythe the Grandfield Action.

128. That RLI has a duty to defend and indemnify its insured, 96 Wythe in the Grandfield Action and to satisfy any judgment that Grandfield obtains against 96 Wythe along with any interest thereon and to pay the attorney's fees incurred by Grandfield for the defense/prosecution of this action by 96 **Wythe.**

**WHEREFORE,** Grandfield Realty Corp. demands judgment (1) declaring that State National Insurance Company has a duty to defend and indemnify 96 Wythe Acquisition LLC in the Grandfield Action and to satisfy any judgment that Grandfield obtains against 96 Wythe Acquisition along with any interest thereon and (2) declaring the RLI Insurance Company has a duty to defend and indemnify 96 Wythe Acquisition LLC and to satisfy any judgment that Grandfield obtains against 96 Wythe Acquisition LLC along with any interest thereon and (3) to pay the attorney's fee incurred by Grandfield in the defense of the action and (4) awarding such other and further relief as may be just, equitable and proper, including their attorney's fees, costs and disbursements of this action:

Dated; New City, New York
April 25, 2022

/s/ Barry D. Haberman
BARRY D. HABERMAN, ESQ.
Attorney for Grandfield Realty Corp.
254 South Main Street, #404
New City, New York 10956
845-638-4294
bdhlaw@aol.com

16